IN THE UNITED STATES DISTRICT COURT FOR
THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Steve Martin, *et al.*, | ) | |
| | ) | Case No. 07-1009 JBM/JAG |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Judge Joe Billy McDade |
| | ) | |
| Caterpillar Inc., *et al.*, | ) | Magistrate Judge John A. Gorman |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF MOTION FOR CERTIFICATION
OF SETTLEMENT CLASS, AND MOTION FOR APPOINTMENT OF
<u>SCHLICHTER, BOGARD & DENTON AS CLASS COUNSEL</u>**

**I.   INTRODUCTION**

Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs move for certification of the following settlement class, and appointment of Schlichter, Bogard & Denton, as Class Counsel.

> (a) All persons who, at any time between July 1, 1992 and September 10, 2009, inclusive, were participants in one or more of the following Plans: the Caterpillar 401(k) Plan, the Caterpillar Inc. Tax Deferred Savings Plan, Caterpillar Inc. Tax Deferred Retirement Plan, and the Solar Turbines Savings and Investment Plan, and (b) as to each person within the scope of clause (a), his/her beneficiaries (including spouses of deceased persons who were Plan participants), alternate payees, estate heirs or attorneys-in-fact, provided, however, that the Class shall not include: (c) any Defendant, or member of the Benefit Funds Committee of Caterpillar Inc. or the Investment Plan Committee of Caterpillar Inc. between July 1, 1992 and September 10, 2009, and as to each person within the scope of clause (c), his/her immediate family members, beneficiaries, alternate payees, estate heirs or attorneys-in-fact.

As demonstrated below, the settlement class is properly certified under Rule 23(b)(1) of the Federal Rules of Civil Procedure.

**II.   THE PROPOSED SETTLEMENT CLASS SHOULD BE CERTIFIED.**

ERISA provides several remedies for breaches of fiduciary duties. Section 502(a)(2), allows a participant to bring a "civil action … for appropriate relief under section 1109 of this

1

title." 29 U.S.C. § 1132(a)(2). ERISA Section 409 (29 U.S.C. § 1109) provides that a plan fiduciary who breaches his or her ERISA-mandated fiduciary obligations shall be personally liable to "make good to such plan any losses to the plan resulting from each such breach ...." 29 U.S.C. § 1109(a). ERISA § 501(a)(3) provides that a participant may sue "to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or … to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C. 1132(a)(3). Plaintiffs have sued under both sections. (Complaint, ¶¶ 45-150 (section 502(a)(2)) and ¶¶ 151-163 (section 502(a)(3))).

The Seventh Circuit has endorsed class certification as one method for accomplishing section 502(a)(2)'s goals. *Thornton v. Evans*, 692 F.2d 1064, 1079 (7th Cir. 1982). Indeed, other cases alleging breaches of fiduciary duty by Plan sponsors had been readily certified under Rule 23(b)(1). *George v. Kraft Foods Global Inc.*, 251 F.R.D. 338, 351-52 (N.D.Ill. 2008); *Taylor v. United Tech. Corp.*, 2008 WL 2333120 at *5-*6 (D.Conn. June 3, 2008); *Kanawi v. Bechtel Corp.*, 254 F.R.D. 102, 111-12 (N.D.Cal. 2008); *Tussey v. ABB Inc.*, 2007 WL 4289694 at *8 (W.D.Mo. Dec. 3, 2007); *Loomis v. Exelon Corp.*, 2007 WL 2981951 at*5 (N.D.Ill. June 26, 2007).

To be approved for certification, even as a settlement class, a case must meet the requirements of Fed.R.Civ.P. 23. See, *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 622 (1997) ("Federal courts, in any case, lack authority to substitute for Rule 23's certification criteria a standard never adopted-that if a settlement is "fair," then certification is proper.") In this case, the requirements that have to be met, and are met, are those of Rules 23(a), (b), (e) and (g).

A.  **Rule 23(a) Is Easily Satisfied.**

Certification of the proposed Class is clearly appropriate here. Before an action may be certified as a class action, the following requirements of Rule 23(a) must be satisfied:

(a) the class is so numerous that joinder of all members is impracticable;

(b) there are questions of law or fact common to the class;

(c) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(d) the representative parties will fairly and adequately protect the interests of the class.

B.  **The Class Is Sufficiently Numerous.**

To proceed as a class action, Rule 23(a)(1) requires that the class must be "so numerous that joinder is impracticable." Although Rule 23 does not specify a minimum number of class members, *Marcial v. Coronet Ins. Co.*, 880 F.2d 954, 957 (7th Cir. 1989), numerosity can be, and often is, determined by sheer numbers alone. *Edmondson v. Simon,* 86 F.R.D. 375, 379 (N.D. Ill. 1980) ("when a class is large, numbers alone are dispositive"). Courts in this circuit have held that managing a suit of more than 40 plaintiffs is "impracticable," and thus class treatment is called for. *Chandler v. Southwest Jeep Eagle*, 167 F.R.D. 302, 307 (N.D. Ill. 1995) (courts have usually deemed joinder impracticable when the class numbers more than 40; citing H. Newberg, *Class Actions*, § 305 (1992)). *See also Zielinski v. Pabst Brewing Co., Inc.*, No. 04-0385, 2005 WL 3240590, * 2 (E.D. Wis. No. 30, 2005) (class of 457 retirees claiming entitlement to ERISA plan benefits is sufficiently numerous that joinder is impracticable). Because there are tens of thousands of Settlement Class members, this case meets the numerosity requirement

A plaintiff's burden at class certification is not to identify an exact number of potential class members, but to provide some evidence or a reasonable estimate of the number of absentee class members. *Long v. Thornton Township High Sch. Dist.*, 82 F.R.D. 186, 189 (N.D. Ill. 1979). In their rulings on class certification, courts are permitted to "make common sense assumptions in order to find support for numerosity." *Cannon v. Nationwide Acceptance Corp.*, 1997 U.S. Dist. LEXIS 3517, at *2 (N.D. Ill. Mar. 24, 1997) (internal quotations omitted). The Caterpillar 401(k) Plan's public documents state that, at the end of the 2006 Plan year, the Plan had 34,142 participants with account balances. The Caterpillar Inc. Tax-Deferred Savings Plan's public documents state that, at the end of the 2006 Plan year, the Plan had 7,364 participants with account balances. Additional Class members are participants in the Caterpillar Inc. Tax Deferred Retirement Plan and the Solar Turbines Savings and Investment Plan. Courts within the Seventh Circuit have found numerosity based upon similar evidence in ERISA breach of fiduciary duty cases. *Rogers v. Baxter Intern. Inc.*, No. 04-6476, 2006 WL 794734, * 2 (N.D. Ill. Mar. 22, 2006) (finding numerosity based on number of Plan Participants).[1] Plaintiffs clearly have satisfied Rule 23(a)'s numerosity requirement.

    **C.**    **Commonality.**

"[T]he commonality requirement has been characterized as a 'low hurdle' [that is] easily surmounted." *Gaspar v. Linvatec Corp.*, 167 F.R.D. 51, 57 (N.D. Ill. 1996). To establish commonality, the Plaintiffs must share at least one common question of law or fact with the class as a whole. *Warnell v. Ford Motor Co.,* 189 F.R.D. 383, 390 (N.D. Ill. 1999). *See also Markham v. White*, 171 F.R.D. 217, 222 (N.D.Ill. 1997)(Rule 23(a) does not require that *all*

---

[1] If anything, this estimate is most likely lower than the number of actual class members, since it does not include surviving spouses or estates of participants who had an interest in the Plan during the relevant period or who may still have an interest in the Plans. *See Senn v. AMCA Intern.,* No. 87-C-1353, 1988 WL 168321, at * 2 (E.D. Wisc. Dec. 21, 1988) (certifying 95-member ERISA class including beneficiaries).

4

questions of law *and* fact be common.)  A "common nucleus of operative fact" generally will satisfy the commonality requirement.  *Rosario v. Livaditis,* 963 F.2d 1013, 1018 (7th Cir. 1992), *cert. denied*, 506 U.S. 1051 (1993).  If the common question of law involves "standardized conduct by defendants toward members of the class, a common nucleus of operative facts is typically presented, and the commonality requirement is usually met."  *Maxwell v. Arrow Fin. Servs., LLC*., No. 03 C 1995, 2004 WL 719278, at * 4 (N.D. Ill. Mar. 31, 2004).  Commonality will not be defeated merely because there are some factual variations among the claims of the class members.  *See Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998).

"ERISA breach-of-fiduciary-duty actions regularly present common questions of law and fact."  *In re AOL Time Warner ERISA Litig.*, No. 02 Civ. 8853 SWK, 2006 WL 2789862, at * 2 (S.D.N.Y.  Sep. 27, 2006) (certifying settlement class).  Courts in the Seventh Circuit have not hesitated to certify classes in cases involving allegations of breaches of fiduciary duty on the part of ERISA plan fiduciaries.  For example, in *McDaniel v. North American Indem.*, *N.V.*, 2003 WL 260704 (S.D. Ind. Jan. 27, 2003), the court found commonality where the Plan Participants alleged that the ERISA fiduciaries injured the class of welfare-Plan Participants as a whole by "systematically denying benefits."  *Id.* at * 3.  Similarly, in *Rogers*, a suit alleging breaches of fiduciary duty with regard to a plan's company stock fund, the court found commonality where there were three common issues:  "(1) whether defendants were plan fiduciaries; (2) whether defendants breached one or more fiduciary duties …; and (3) whether the alleged breaches of fiduciary duty resulted in damage to the Plan."  *Rogers*, 2006 WL 794734, at * 3.  In *Nelson v. IPALCO Enterprises*, also alleging breaches of fiduciary duty in connection with a company stock fund, the court found commonality where class members alleged that ERISA fiduciaries breached their duties by maintaining employer stock as an option in the plan, by making

5

representations to the participants about their investment options, including the company stock fund, and by failing to act with due care and loyalty toward the class members. *See Nelson v. IPALCO Enterp., Inc.*, No. IP02-477-CHK, 2003 WL 23101792, at * 4 (S.D. Ind. 2003). *See also In re AOL Time Warner ERISA Litig.*, 2006 WL 2789862, at * 2 (common issues were "the identification of fiduciaries, whether the defendants acted as fiduciaries, and the existence of ERISA violations.")

Similar common issues are at stake here. In their Third Amended Complaint, Plaintiffs identified twenty-seven common issues of law and/or fact, listing them in paragraph 20(b). Although many of the issues listed there overlap, they collectively present the same legal and factual questions the *Rogers* court found sufficient to satisfy the commonality inquiry – whether actions of the plan fiduciaries constituted a breach of their duties to the entire plan. *See Rogers,* 2006 WL 794734, at *3. Plaintiffs have clearly satisfied Rule 23(a)(2)'s requirements.

**D.    Typicality**

Rule 23's requirements of commonality and typicality are "closely related." *Rosario*, 963 F.2d at 1018. Typicality, however, "focuses on the class representatives and whether their pursuit of their own claims will work for the benefit of the entire class." *IPALCO*, 2003 WL 23101792, at * 4. Claims are typical when they arise from the same event, practice or course of conduct that gives rise to the claims of other class members and when the plaintiffs' claims are based on the same legal theory. *De La Fuente v. Stokely-Van Camp, Inc*., 713 F.2d 225, 232 (7th Cir. 1983) (citing H. Newberg, *Class Actions* § 1115(b) at 185 (1977).) "Typical" does not mean "identical," and the typicality requirement is liberally construed. *Gaspar,* 167 F.R.D. at 57.

Plaintiffs have alleged that the Defendants caused or allowed excessive fees to be charged to the Plans as a whole – a course of action which necessarily affected all of the

6

participants and beneficiaries with retirement savings in the Plans.  Plaintiffs make it clear that they are challenging wrongs committed not only against them as participants, but against every participant and the Plans as a whole.  (*See, e.g.,* Complaint, ¶1 (seeking to recover losses experienced by the Plan on a plan-wide basis);  ¶¶ 53-87 (fees and expenses paid *by the Plans* were excessive); ¶¶ 88-93 (alleging losses to all participants in the stock fund); ¶¶ 102, 107 (causing *the Plans* to pay excessive and unreasonable fees) (emphasis added).)

While the participants' losses may differ (as a function of account balance and simple mathematics), such distinctions do not prevent a finding of typicality.  *See De La Fuente*, 713 F.2d at 232.  *See also, Rogers*, 2006 WL 794734, at * 3 (named plaintiff's habit of trading in and out of funds within his 401(k) plan did not make his claims atypical, even though it affected the amount of his losses; certifying class of Plan Participants). "Individual damages will not defeat a named Plaintiff's typicality." *Alexander v. Q.T.S. Corp.,* No. 98 C 3234, 1999 WL 573358, at * 6 (N.D. Ill. Jul. 30, 1999).

Nor do potential defenses involving some degree of individuality render the Plaintiffs' claims atypical.  Typicality is "determined with reference to the [defendants'] actions, not with respect to particularized defenses [that the defendants] might have against certain class members." *IPALCO*, 2003 WL 2003 WL 23101792, at *5-6.  In *Rogers,* for example, the court found the plaintiffs' claims to be typical, even though the plaintiffs made individualized decisions about their investments pursuant to ERISA § 404(c).  *See Rogers*, 2006 WL 794734, at * 5. The court observed that the existence of a § 404(c) defense was an issue that all members of the class shared. *Id.   See also, In re Polaroid ERISA Litig.,* No. 03 Civ. 8335(WHP), 2006 WL 2792202, at * 9 (S.D.N.Y. Sep. 29, 2006 ) (similarly rejecting claim that existence of ERISA § 404(c) issues made the plaintiffs claims atypical); *In re Williams Companies ERISA Litigation*,

7

231 F.R.D. 416, 421 (N.D. Okla. 2005) (same; cited in *Rogers*); *In re CMS Energy ERISA Litig.*, 225 F.R.D. 539, 543-44 (E.D. Mich. 2004) (same, cited in *Rogers*).

The Parties have agreed that the Second Amended Complaint should be deemed amended to include all of the 401(k) plans whose assets were invested in the Caterpillar Investment Trust and which had similar core investments in the Preferred Group of Mutual Funds between 1992 and 2006. As to the claims in the complaint, these plans share a nucleus of common facts.

### E. Adequacy of Representation

"The adequacy inquiry under Rule 23(a)(4) serves to uncover conflicts of interest between named parties and the class they seek to represent." *Amchem Prods v. Windsor*, 521 U.S. 591, 625 (1997) (internal citation omitted). To be an adequate class representative, a plaintiff must not have claims that are antagonistic to, or which conflict with, those of the class members. He or she must have a sufficient interest in the outcome of the case to ensure vigorous advocacy. *Riordan v. Smith Barney*, 113 F.R.D. 60, 64 (N.D. Ill. 1986). A plaintiff must also have attorneys who are competent, experienced and able to conduct the litigation vigorously. *Kriendler v. Chemical Waste Mgmt., Inc.,* 877 F. Supp. 1140, 1159 (N.D. Ill. 1995). Plaintiffs meet this standard.

The Class Representatives are participants in the Plans as were assets of which were invested in the Master Trust and all of which were affected by the practices challenged by the Plaintiffs. (Complaint, ¶¶ 4-8.) All have been injured as a result of Defendants' practices and will continue to be injured as long as their retirement savings remain in the Plans. They seek a declaration that the practices described in the Complaint – practices that harmed the Plans as a

whole - violated ERISA. They also seek to put an end to these ERISA violations and to restore lost money to the Plans.

Because the Named Plaintiffs seek relief that would affect the Plan as a whole, and because any monetary recovery in this action would go to the Plan, the interests of the Named Plaintiffs are aligned with those of the absent class members. All absent class members will benefit if the Plaintiffs are successful. *See Gruby v. Brady*, 838 F. Supp. 820, 827 (S.D.N.Y. 1993) (observing that because ERISA breach of fiduciary duty suits must be brought on a plan-wide basis, adequacy is met). *See also, In re Polaroid ERISA Litig.*, 2006 WL 2792202, at * 10 (citing *Drexel*, 960 F.2d at 291). Thus, a court can find adequacy, despite some differences among participants, where "[e]very employee, whether former or current, has the desire to repair the alleged harm to their pension plan." *In re Amsted Indus., Inc. "ERISA" Litig.*, 2002 WL 31818964, at * 2 (N.D.Ill. Dec. 16, 2002).

The law firm representing the Class, Schlichter Bogard & Denton is qualified. For over a year and a half before filing suit, the firm has spent hundreds of hours in intensely investigating, speaking with participants in the Plans, obtaining documents from public sources and the Plan administrator, reviewing and analyzing Plan documents and financial statements, developing expertise regarding industry practices, conducting extensive legal research, and fashioning the class' causes of action. Since filing the case, it has expended substantial resources in pursuit of the Class claims. It both has committed to, and is capable of, devoting the resources necessary to vigorously prosecute this litigation.

Plaintiffs' counsel, Schlichter Bogard & Denton, has extensive experience litigating class actions of similar size, scope, and complexity to this case. Recently, Schlichter Bogard & Denton has been named Class Counsel in numerous cases involving claims of fiduciary breaches

in large 401(k) Plans. See, e.g. *George v. Kraft Foods Global Inc.*, 251 F.R.D. 338, 351-52 (N.D.Ill. 2008); *Taylor v. United Tech. Corp.*, 2008 WL 2333120 at *5-*6 (D.Conn. June 3, 2008); *Kanawi v. Bechtel Corp.*, 254 F.R.D. 102, 111-12 (N.D.Cal. 2008); *Tussey v. ABB Inc.*, 2007 WL 4289694 at *8 (W.D.Mo. Dec. 3, 2007); *Loomis v. Exelon Corp.*, 2007 WL 2981951 at*5 (N.D.Ill. June 26, 2007); *Spano v. Boeing*, 2008 WL 4449516 (S.D.Ill. 2008); *Beesley v. International Paper, Co.*, 2008 WL 4450319 (S.D.Ill. 2008).

Firm principal Jerome J. Schlichter has been appointed lead or co-lead counsel in multiple successful complex civil class actions, including *Mister v. Illinois Central Gulf Railroad*, Case No., 81-3006 (S.D. Ill.) and *Wilfong v. Rent-A-Center*, Case No. 00-680-DRH (S.D. Ill.), which resulted in substantial awards for plaintiffs through trial and settlement.

In *Mister*, U.S. District Judge James Foreman praised Mr. Schlichter's efforts:

> This Court is unaware of any comparable achievement of public good by a private lawyer in the face of such obstacles and enormous demand of resources and finance.

Order on Attorney's Fees, *Mister v. Illinois Central Gulf R.R.*, No. 81-3006 (S.D. Ill. 1993). Judge Herndon wrote regarding Mr. Schlichter's result in *Wilfong*:

> Class counsel [Jerome J. Schlichter] has appeared in this court and has been known to this Court for approximately 20 years. This Court finds that Mr. Schlichter's experience, reputation and ability are of the highest caliber. Mr. Schlichter is known well to the District Court Judge and this Court agrees with Judge Foreman's review of Mr. Schlichter's experience, reputation and ability.

Order on Attorney's Fees, *Wilfong v. Rent-A-Center*, No. 0068-DRH (S.D. Ill. 2002). Because Plaintiffs and counsel are both well-equipped to represent the class members, Rule 23(a)(4) is satisfied.

## VI. PLAINTIFFS MEET THE REQUIREMENTS OF RULE 23(B)(1).

Plaintiffs' claims should be certified under Rule 23(b)(1). That Rule provides for certification where:

> the prosecution of separate actions by … individual members of the class would create a risk of (A) inconsistent or varying adjudications … which would establish incompatible standards for the party opposing the class, or (B) adjudications with respect to the individual members of the class which would be dispositive of the interest of the other members not parties to the adjudications.

*Fed. R. Civ. P.* 23(b)(1)(A), (B). Rule 23(b)(1)(A) "considers possible prejudice to the defendants, while 23(b)(1)(B) looks to possible prejudice to the putative class members." *In re IKON Office Solutions*, 191 F.R.D. 457, 466 (E.D. Pa. 2000). In both cases, the court is concerned with the problems that would be caused if each potential class member were free to pursue his or her own lawsuit.

The Rule 23 Advisory Committee noted that "an action which charges a breach of trust … by [a] … fiduciary similarly affecting the members of a large class of … beneficiaries" calls for certification under this section. *See also Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 833-34 (1999) (citing same).

Cases filed by 401(k) Plan Participants for breach of fiduciary duty are certified under Rule 23(b)(1). *In re Polaroid ERISA Litig.*, 2006 WL 2792202, at * 11 (breach of fiduciary duty alleged by 401(k) Plan Participants; Rule 23(b)(1) class certified); *DiFelice v. U.S. Airways, Inc.*, 235 F.R.D. at 80 (same); *In re WorldCom, Inc. ERISA Litig.*, 2004 WL 2211664, at * 3 (same); *Banyai* 205 F.R.D. at 165 (same); *In re IKON Office Solutions*, 191 F.R.D. at 466 (same). As one court has found: "[b]ecause of ERISA's distinctive 'representative capacity' and remedial provisions, ERISA litigation of this nature presents a paradigmatic example of a (b)(1) class." *See Kolar v. Rite Aid Corp.*, No. CIV.A. 01-1229, 2003 WL 1257272, at * 3 (E.D. Pa.

11

Mar. 11, 2003) (certifying settlement class) (emphasis added). *See Stanek v. AT & T*, No. 96 C 4096, 1998 WL 831877, at *4 n.4 (N.D. Ill. Nov. 24, 1998) (noting that courts have found these claims to be appropriate for class treatment because of the requirement that they be brought on behalf of the plan).

This suit is no exception. Plaintiffs, and the members of the Class they seek to represent, are the participants of the Plans. They claim that the Defendants breached their ERISA-mandated fiduciary duties owed to the Plans. They are bringing suit in a representative capacity to recover the Plans' losses arising out of the breaches occurring on a Plan-wide basis.

If certification was not granted, and the class members pursued their claims individually in multiple jurisdictions, the parties could face numerous inconsistent rulings. The Defendants could find themselves bound by conflicting rulings and unable to administer the Plans. *Rogers,* 2006 WL 794734, * 10. Absent class certification, the possibility of multiple plan-wide monetary awards – since each suit must be brought on behalf of the Plan – also looms. *Id. See also Kolar*, 2003 WL 1257272, at * 3 ("Palpably, 'inconsistent or varying adjudications' would be intolerable for the employees of the same employee benefit plans."). Since each Plan within the Master Trust must offer participants the same investment options and since ERISA fiduciaries are under a duty of impartiality requiring them to treat similarly situated participants and beneficiaries alike, "[w]hether defendant breached its fiduciary duty is a question common to all potential cases and could, if tried in separate actions, result in wholly inconsistent adjudications." *Westman v. Textron, Inc.,* 151 F.R.D. 229, 231 (D.Conn. 1993); *see also Morse v. Stanley*, 732 F.2d 1139, 1145 (2d Cir. 1984); *Struble v. N.J. Brewery Employees' Welfare Trust Fund*, 732 F.2d 325, 333 (3d Cir. 1984); Restatement (Second) of Trusts §232 (1959). For these reasons, the Court should certify the Class under Rule 23(b)(1)(A) or (b)(1)(B).

## VII. CONCLUSION

For these reasons, the Plaintiffs' Unopposed Motion for Certification of Settlement Class, and Motion for Appointment of Schlichter, Bogard & Denton, as Class Counsel pursuant to Rule 23(g) should be granted.

Respectfully submitted,
SCHLICHTER, BOGARD & DENTON

By:  /s/ Jerome J. Schlichter
Jerome J. Schlichter
Daniel V. Conlisk
Mark G. Boyko
Heather Lea
100 S. Fourth St., Suite 900
St. Louis, Missouri 63102
(314) 621-6115; (314) 621-7151 (Fax)
120 West Main Street, Ste. 208
Belleville, IL  62220

Michael Waters
Local Counsel
Vonachen, Lawless, Trager & Slevin
456 Fulton Street, Ste. 425
Peoria, Illinois 61602
(309) 676-8986; (309) 676-4130 (Fax)

ATTORNEYS FOR PLAINTIFFS/
CLASS REPRESENTATIVES
Steve Martin, Carol Tegard, and Allen Rose

CERTIFICATE OF SERVICE

      I hereby certify that on November 5, 2009, I served the above with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to the following:

Mark Casciari
Ian Morrison
Ada W. Dolph
Seyfarth Shaw, LLP
131 South Dearborn Street, Ste. 2400
Chicago, IL  60603
(312) 460-5000
mcasciari@seyfarth.com


Timothy L. Bertschy
HEYL, ROYSTER, VOELKER & ALLEN
Chase Building
124 SW Adams Street, Suite 600
Peoria, IL 61602-1352
Tel: (309) 676-0400
Fax: (309) 676-3374
tbertschy@hrva.com


                                             s/ Jerome J. Schlichter