## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | | |
|---|---|---|
| STEVE MARTIN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 07-cv-1009 |
| | ) | |
| CATERPILLAR, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## O R D E R

On November 5, 2009, Plaintiffs submitted various filings in this Court indicating that the parties have reached a settlement in the instant ERISA action. (Docs. 148-153). The parties have agreed to settle this matter as a class action. In connection with the proposed settlement, Plaintiffs have filed the following motions: a Motion for Leave to File a Third Amended Complaint (Doc. 148); a Motion for Certification of Settlement Class (Doc. 150); and a Motion for Preliminary Approval of Class Settlement (Doc. 152). As an exhibit to the Motion for Preliminary Approval, Plaintiffs have attached a Class Action Settlement Agreement signed on November 5, 2009 by the named Plaintiffs, Defendants, and attorneys for the parties. On November 11, 2009, Plaintiffs filed an Unopposed Motion to Substitute Documents and Exhibits (Doc. 154). The Motion to Substitute attaches updated versions of certain filings related to the proposed settlement.

After undertaking an initial review of the November 5, 2009 filings, the Court has decided to set this matter for a hearing ("Initial Hearing") on Wednesday, December 9, 2009 at 10 a.m. The Initial Hearing will focus on three issues: (1) class

certification; (2) appointment of class counsel; and (3) appointment of a preselected technical advisor to assist the Court in understanding the technical aspects of the claims and of the proposed settlement (to the extent such aspects are pertinent to the Court's determination of whether the proposed class settlement is fair, reasonable, and adequate). The Initial Hearing will not directly focus on whether preliminary approval of the proposed settlement is appropriate. The issue of preliminary approval will be taken up at a later hearing.

Because there are complex, technical aspects of Plaintiffs' ERISA claims and of the proposed Settlement Agreement, the Court is proposing the appointment of Mr. Edward F. Sutkowski, Esq. as a technical advisor who would aid the Court's understanding of these aspects. See Reilly v. United States, 863 F.2d 149, 154-61 (1st Cir. 1988) (discussing the use of technical advisors by district judges). Mr. Sutkowski, whose resume is attached as an exhibit to this Order, is an attorney who specializes in the areas of ERISA and tax law. As a technical advisor, Mr. Sutkowski would not give testimony or any evidence. He would not be subject to discovery by the parties. Nor would he make findings. Rather, his role would be limited to educating and advising the Court on technical aspects of the case. Id. at 156-58. At the Initial Hearing, the parties will have an opportunity to object to Mr. Sutkowski serving as a technical advisor in this matter. The issue of compensating Mr. Sutkowski for time spent on this matter will also be discussed at the Initial Hearing.

IT IS THEREFORE ORDERED that an Initial Hearing is SET for Wednesday, December 9, 2009 at 10 a.m. The Initial Hearing will be IN-PERSON in Peoria, Courtroom D.

IT IS FURTHER ORDERED that the Motion to Substitute (Doc. 154) is GRANTED. For purposes of clarity and to avoid a patchwork fix of the docket sheet vis-à-vis the substitution of various documents, the Court finds Docs. 148-153 & Docs. 155-156 (i.e. all pending settlement-related filings, including exhibits) to be MOOT and INACTIVE. The parties are directed to re-file these settlement-related submissions, with any and all revisions and corrections, by Friday, November 20, 2009. This will produce a clean slate of updated pending motions, memoranda, exhibits, and responses; and it will ensure that outdated documents are not considered. The updated/corrected submissions will be considered and discussed at the Initial Hearing to the extent described in this Order.

Entered this 18th day of November, 2009.

s/ Joe B. McDade

JOE BILLY McDADE
United States District Judge

3

# EXHIBIT A

**SUTKOWSKI&RHOADS**LTD

---

**Resume:**
**Edward F. Sutkowski, Esq.**

---

**November 2009**

416 Main Street, Suite 400
Peoria, Illinois 61602-3141
P 309.680.8000 F 309.680.8002 C 309.680.8082
ed@sutkowskiandrhoads.com

**SUTKOWSKI&RHOADS**LTD

## Table of Contents

I.      Practice Areas ................................................................. 1

II.     Education ..................................................................... 1

III.    Academic Positions ........................................................... 1

IV.     Recognitions ................................................................. 1

V.      Congressional Testimony ...................................................... 2

VI.     Committee Chairmanships ..................................................... 2

VII.    Committee and Board Memberships:  Not-For-Profit Organizations ....... 2

VIII.   Committee and Board Memberships:  For-Profit Organizations ............. 3

IX.     Editorial Positions .......................................................... 3

X.      Articles Published ........................................................... 3

XI.     Selected Lectures and Associated Publications ........................... 6

XII.    Tax Litigation ............................................................. 11

XIII.   ERISA Litigation ........................................................... 15

XIV.    Transactions ............................................................... 19

416 Main Street, Suite 400
Peoria, Illinois 61602-3141
P 309.680.8000 F 309.680.8001 C 309.680.8082
ed@sutkowskiandrhoads.com

**SUTKOWSKI&RHOADS**LTD

## I.  Practice Areas

Federal income, estate and gift taxation, ERISA, executive compensation, employee benefits and related litigation.

## II.  Education

A.  University of Wisconsin at Madison, B.B.A. (1961).

B.  University of Illinois College of Law at Champaign-Urbana, L.L.B. (1963).

## III.  Academic Positions

A.  Adjunct professor:  University of Illinois, College of Law, Urbana, Illinois (1996-2007) Tax qualified and non-qualified plans of deferred compensation, ERISA, Pension and Employee Benefits; Federal income, estate and gift tax law.

B.  Guest lecturer: University of Illinois, College of Law, Urbana, Illinois; "Income, Estate and Gift Taxation; Distributions From Tax Qualified Plans," (1997).

## IV.  Recognitions

A.  "AV" Rating (highest rating available):  Martindale-Hubbell (1967- ).

B.  Leading Lawyer (2003-  ):   Membership limited to peer recommended lawyers.

C.  Super Lawyer (2007- ):  Membership limited to peer recommended lawyers.

D.  Alum of the Month; University of Illinois, College of Law (November 1985).

11/10/2009

416 Main Street, Suite 400
Peoria, Illinois 61602-3141
P 309.680.8000 F 309.680.8001 C 309.680.8082
ed@sutkowskiandrhoads.com

**SUTKOWSKI&RHOADS**LTD

## V. Congressional Testimony

"Tax Problems of the Small Businessman," Oversight Committee of the House Ways and Means Committee, United States House of Representatives (May 1977).

## VI. Committee Chairmanships

A. Section of Federal Taxation, Illinois State Bar Association (1976-77).

B. Federal Taxation Committee of the General Practice Section, American Bar Association (1987).

C. Secretary: Special Committee on Continuing Legal Education Programs (1988-89).

D. ISBA representative to Illinois Institute for Continuing Legal Education (1990).

## VII. Committee and Board Memberships: Not-For-Profit Organizations

A. Section on Taxation of the Illinois State Bar Association (1963-1965).

B. Business Advice & Financial Planning Section Council, Illinois State Bar Association (1988-89).

C. Member: Standing Committee on Judicial Appointments, Illinois State Bar Association (1990).

D. Member: Board of Visitors, University of Illinois College of Law (1993 and 2003).

E. Scope and Correlating Committee and New Publication Development Committee, American Bar Association (1993-94).

F. Taxation Committee of General Practice Section of American Bar Association (1993-96).

11/10/2009

416 Main Street, Suite 400
Peoria, Illinois 61602-3141
F 309.680.8000 F 309.680.8001 C 309.680.8082
ed@sutkowskiandrhoads.com

**SUTKOWSKI&RHOADS**LTD

## VIII. Committee and Board Memberships: For-Profit Organizations

A.   Board member (1975-2009): RLI Corp., a New York Stock Exchange corporation; Outside General Counsel (1975-2002), Executive Resources and Investment and Finance Committees (2002-2009).

B.   Executive Limited Partner: Pfingsten Executive Fund III, L.P. (2004- ), a private equity fund designed to invest in mid-sized business organizations.

C.   Advisory Board Member:  North American Sports Media, Inc. (2007- ), engaged in sports marketing and promotions industry, corporate hospitalities, athlete and celebrity marketing.

## IX.   Editorial Positions

A.   Editor, Federal Tax Section Newsletter, Illinois State Bar Association (1976-77).

B.   Contributing Editor, Chicago Daily Law Bulletin (1975-1987).

C.   Substantive Law Advisory Board, Tax Law, **The Compleat Lawyer,** American Bar Association (1985).

## X.   Articles Published

A.   **1972:** "Lifetime and Estate Planning for the Client with an Incompetent Family Member," *15th Annual Estate Planning Short Course Handbook,* Illinois Institute for Continuing Legal Education.

B.   **1973:** "How to Handle Formation and Operational Problems in Professional Corporation," *Professional Corporation Practice Handbook,* Illinois Institute for Continuing Legal Education.

C.   **1974:** "Employee Benefits," Illinois Institute for Continuing Legal Education.

11/10/2009

416 Main Street, Suite 400
Peoria, Illinois 61602-3141
P 309.680.8000 F 309.680.8001 C 309.680.8082
ed@sutkowskiandrhoads.com

**SUTKOWSKI&RHOADS**LTD

D.   **1975**

1.   *Employee Stock Ownership Trusts,* Illinois Institute for Continuing Legal Education (first comprehensive work on ESOPs].

2.   "A Houseboat Can be a Credit to Your Household, or The Five Percent Credit For a New Principal Residence, a Bail-Out of the Construction Industry?," *Chicago Daily Law Bulletin.*

E.   **1976**

1.   "Tax-Free Exchanges Under 1031," *31st Annual Federal Tax Course Handbook,* Illinois Institute for Continuing Legal Education.

2.   "An Estate Tax Shelter Credited by the Reform Act? - The 2032A Election to Value Certain Real Property as Based Upon Its Actual Rather Than Highest and Best Use," 33rd *Annual Tax Course Handbook,* Illinois Institute for Continuing Legal Education.

3.   "Like-Kind Exchanges - An Overview of a Tax Deferral Technique," *Chicago Daily Law Bulletin.*

4.   "The Transfer of Contributory or Non-Contributory Group Term Life Insurance to an Insured Created Generation-Skipping, Irrevocable Otherwise Unfunded Trust: Applicability of Code §2042," *Chicago Daily Law Bulletin.*

5.   "A Tax Oriented Overview of the ESOP," *Chicago Daily Law Bulletin.*

6.   "Section 1244 and Subchapter S - Congressional Gifts With Strings Requiring Form Over Subchapter Compliance," Chicago Daily Law Bulletin.

416 Main Street, Suite 400
Peoria, Illinois 61602-3141
P 309.680.8000 F 309.680.8001 C 309.680.8082
ed@sutkowskiandrhoads.com

**SUTKOWSKI&RHOADS**LTD

F.   **1977**

1.   "Taxation of Real Estate - Protective Installment Sale Election Permissible Notwithstanding the Fact That Cost Recovery Method Used and Subsequently Determined Erroneous," Chicago Daily Law *Bulletin.*

2.   "The Theory of Carryover Basis and Specific Technical Problems Created; Ascertaining the Client's Basis; Assets and Problem Assets such as Stamps, Coins, Unlisted Securities, Real Property, Etc.; Sample Forms for Asset Inventory to Assist the Attorney and Executor in Ascertaining Carryover Basis," *34th* Annual *Federal Tax Course Handbook,* Illinois Institute for Continuing Legal Education.

G.   **1980**

1.   "The Multi-Class Partnership," *Federal Tax Course Handbook*, Illinois Institute for Continuing Legal Education.

2.   "Tax-Qualified Plans for Attorneys -- Preparing for the Golden Years," Illinois State Bar Association, Illinois Bar Journal.

H.   **1981**

1.   "The Partnership freeze -- Estate Planning Techniques for the Family Partnership," Course *Handbook,* 20th Annual Arkansas Federal Tax Institute.

2.   "A Model Multi-Class Partnership Agreement" *ALI-ABA* Course Materials Journal, Vol. 5, American Bar Association; with David J. Duez, Esq.

416 Main Street, Suite 400
Peoria, Illinois 61602-3141
P 309.680.8000 F 309.680.8001 C 309.680.8082
ed@sutkowskiandrhoads.com

**SUTKOWSKI&RHOADS**LTD

I.   **1985**

  1.   Professional Corporations, American Bar Association, Section of General Practice.

  2.   "Corporate Recapitalization: An Estate and Business Planning Technique," The Compleat Lawyer.

  3.   "Corporate and Partnership Freezing," *Fourth Annual* Estate *Planning Conference Handbook, Estate* and Financial Planning Conference Committee of the Minnesota Society of Certified Public Accountants.

J.   **1990:** Estate Planning, American Bar Association section of General Practice [made available to all members of the American Bar Association, General Practice Section].

XI.   **Selected Lectures and Associated Publications**

A.   **1966** - : Illinois Institute for Continuing Legal Education; income, estate, gift and deferred compensation subjects.

B.   **1973:** "Estate Planning; Dealing With Common Estate Planning Problems," Estate Planning Council of Central Illinois, Peoria, Illinois.

C.   **1973-77:**   Realtors Institute of Illinois; Peoria, Illinois; income taxation of real estate transactions.

D.   **1974:** "Tax-Free Exchanges Under §1031," 31st Annual Tax Course, Illinois Institute for continuing Legal Education, Springfield and Chicago, Illinois.

E.   **1975:** "A Critical Appraisal of the ESOP," Illinois Institute for Continuing Legal Education.

416 Main Street, Suite 400
Peoria, Illinois 61602-3141
P 309.680.8000 F 309.680.8001 C 309.680.8082
ed@sutkowskiandrhoads.com

**SUTKOWSKI&RHOADS**LTD

F.   **1976**

   1.   "Legal Structure of Medical Practice," Medical-Legal Seminar, Methodist Medical Center of Illinois, Peoria, Illinois.

   2.   "An Estate Tax Shelter Created by the Reform Act:--The S2031A Election to Value Certain Real Property as Based Upon Its Actual Rather Than Highest and Best Use," 33rd Annual Tax Course - Illinois Institute for Continuing Legal Education, Springfield and Chicago, Illinois.

   3.   Minnesota Association of Realtors, Federal Taxation; Minneapolis, Minnesota; income taxation of real estate transactions.

G.   **1977**

   1.   "Estate Planning for the Large Estate," Peoria County Bar Association Continuing Legal Education, Peoria, Illinois.

   2.   "Estate Planning Opportunities Under the Tax Reform Act of 1976," Central Chapter of the Illinois Certified Public Accountant Society, Champaign, Illinois.

   3.   "Practical Problems in Administering Pension and Profit Sharing Plans - Requirements of a Qualified Profit Sharing, Pension and Stock Bonus Plan Under ERISA," AMBI Educational Program, Springfield, Illinois.

   4.   "The Use of Multi-Class Entities in Estate Planning," Quad City Estate Planning Council, Moline, Illinois.

   5.   "The Role of Deferred Compensation in Estate Planning," Sangamon Valley Estate Planning Council, Springfield, Illinois.

11/10/2009

416 Main Street, Suite 400
Peoria, Illinois 61602-3141
P 309.680.8000 F 309.680.8001 C 309.680.8082
ed@sutkowskiandrhoads.com

**SUTKOWSKI&RHOADS**LTD

H. **1978-1998:** Sutkowski & Rhoads Ltd. Accountants' symposium; [attended annually by in excess of 150 certified public accountants; recent changes in income estate and gift tax laws].

I. **1978**

    1.    "The Use of Multi-Class Entities in Estate Planning," Western Illinois Estate Planning Council, Macomb, Illinois.

    2.    "Estate and Income Tax Planning," Upper Midwest Kentucky Fried Chicken Association, Peoria, Illinois.

J. **1979**

    1.    "Federal Estate and Gift Taxation," Illinois Estate Administration, Illinois Institute for Continuing Legal Education, Springfield and Chicago, Illinois.

    2.    "Use of Farm Corporations in Estate Planning: Influence of New Tax Rates on Incorporation Decision; Use of Fringe Benefits; Tax Shelter Aspects, Income Tax Advantages; Planning Capital Structures--How Complicated?; Section 351 Formation Problem; Procedures for Corporate Maintenance," *Farm Estate Planning, and Business Organization Short Course Handbook,* Illinois Institute for Continuing Legal Education.

K. **1980:** "The Partnership Freeze - Estate Planning Techniques for the Family Partnerships - The Multi-class Partnership," 37th Annual Federal Tax Course, Springfield and Chicago, Illinois.

L. **1981**

    1.    "The Multi-Class Partnership," Western Illinois Estate Planning Council, Macomb, Illinois.

    2.    "Outline of Deferred Compensation Arrangements for the Proprietorship, Partnership and Corporation: An Overview,"

416 Main Street, Suite 400
Peoria, Illinois 61602-3141
P 309.680.8000 F 309.680.8001 C 309.680.8082
ed@sutkowskiandrhoads.com

**SUTKOWSKI&RHOADS**LTD

Pension Practice, Illinois Institute for Continuing Legal Education Pension Practice Course.

3.   "Deferred Compensation Arrangements for the Professional corporation: An Overview," Joint Meeting of the Livingston County Bar Association and the Livingston County Medical Society, Pontiac, Illinois.

4.   "Tax Qualified Plans of Deferred Compensation," Illinois Trial Lawyers Association, Chicago, Illinois.

5.   Annual Arkansas Federal Tax Institute; the partnership freeze.

M.   **1982**

1.   "Estate Planning: The Role of the Corporate Fiduciary After ERTA," AMBI Trust Conference, Springfield, Illinois.

2.   "Estate Liquidity in Light of ERTA and TEFRA: An Overview," Western Illinois Estate Planning Council, Quincy, Illinois.

3.   "An Outline of the Pension and Professional Corporation Provisions of Tax Equity and Fiscal Responsibility," Illinois Bankers Association, Springfield, Illinois.

4.   "Tax Considerations in Buying and Selling Businesses," Illinois Institute for Continuing Legal Education, Chicago and Springfield, Illinois.

5.   "Estate Planning Update," Eastern Illinois Estate Planning Council, Champaign, Illinois.

6.   "The Partnership Freeze--Estate Planning Techniques for the Family Partnership," 20th Annual Arkansas Federal Tax Institute, Little Rock, Arkansas.

416 Main Street, Suite 400
Peoria, Illinois 61602-3141
P 309.680.8000 F 309.680.8001 C 309.680.8082
ed@sutkowskiandrhoads.com

**SUTKOWSKI&RHOADS**LTD

    7.    "Estate Planning," National Association of Accountants, Peoria, Illinois.

    8.    "Introduction to ESOPs," Banks and ESOPs for Trust and Corporate Loan Officers, the ESOP Association, Chicago, Illinois.

N.    **1984**

    1.    "Estate Freezing Techniques," Illinois Institute for Continuing Legal Education, 27th Annual Estate Planning Short Course, Champaign and Chicago, Illinois.

    2.    "Buying and Selling a Corporate Business," Independent Accountants' Association of Illinois, 35th Annual Convention, Peoria, Illinois.

O.    **1985**

    1.    "Tax Qualified Deferred Compensation Plans; Impact of New Rules," Illiamo Estate Planning Council, Quincy, Illinois.

    2.    "The Partnership Capital Freeze as an Estate and Business Planning Technique," Minnesota Society of Certified Public Accountants 4th Annual Estate and Financial Planning Conference, Minneapolis, Minnesota.

    3.    "Tax Considerations in Real Estate Transactions," National Business Institute, Peoria, Illinois.

P.    **1987:** "ESOPs and Estate Planning," The ESOP Association, Washington, D.C.

Q.    **1992:** "Issues, Answers and Observations: The ESOP Today and Forever," Illinois Chapter of The ESOP Association.

416 Main Street, Suite 400
Peoria, Illinois 61602-3141
F 309.680.8000 F 309.680.8001 C 309.680.8082
ed@sutkowskiandrhoads.com

**SUTKOWSKI&RHOADS**LTD

R.    **1994:**   "The Family Business in Transition: The Second Generation," Bradley University.

S.    **2008:**   "Buying and Selling a Business," Illinois Institute for Continuing Legal Education, Preliminary Considerations: Expressions of Interest, Confidentiality Agreements and Letters of Intent, UBS Conference Center, Chicago, Illinois.

## XII.  Tax Litigation

A.    ***Estate of Edith Albrecht v. United States:***  Edith Albrecht, age 83, transferred a significant number of shares of Beneficial Finance Company to her family members and died within three years. Under then current estate tax law, any gift transfer made within three years of the donor's death was presumed to be given by the decedent "in contemplation of death" and estate taxes unless the decedent's estate could prove the contrary.  Mrs. Albrecht's estate contended that Mrs. Albrecht had no thought of dying but instead purchased new clothes and was seen dancing with Ted Lewis in a Springfield, Illinois, nightclub during the three-year period.  No. T-2900 (D. Ill. 1966).

B.    ***Brady v. United States:***  Mr. Brady, a self-employed contractor, engaged individuals to provide construction services on his behalf as independent contractors.  The Internal Revenue Service claimed that the individuals were employees rather than independent contractors and that Mr. Brady owed payroll taxes as to the amounts paid to the individuals. 877 F. Supp. 444 (D. Ill. 1994).

C.    ***Custom Builders, Inc. v. Commissioner of the Internal Revenue Service:***  Custom Builders adopted a defined benefit plan. The plan actuary determined the plan's normal cost using an interest rate assumption of 5%.   The Internal Revenue Service contested actuarial assumptions.   Pursued tax refund on theory of first impression that actuary was an ERISA fiduciary in setting the plan's actuarial assumptions and methodology.  858 T.C.M. 696 (1989).

11/10/2009

11

416 Main Street, Suite 400
Peoria, Illinois 61602-3141
P 309.680.8000 F 309.680.8001 C 309.680.8082
ed@sutkowskiandrhoads.com

**SUTKOWSKI&RHOADS**LTD

D.   ***D.J. Mahoney Co. v. Commissioner:***  The Internal Revenue Service contended that the taxpayer had accumulated profits in excess of accumulations required to conduct its recycling and scrap material processing business, the replacement of its key employee, the purchase of additional equipment and machinery, related costs of operating its business and assessed tax deficiencies for the taxpayers' years ended June 30, 1995 and 1996. Pursued refund of accumulated earnings taxes paid on the theory that the accumulations were not excessive. *D.J. Mahoney Co. v. United States of America*, Central District, Peoria Division Case No. 00-1436.

E.   ***DMI Inc. v. Commissioner:***   The taxpayer paid its principal shareholder and key employee compensation determined by reference to the year-end profits of the employer-corporation. The Internal Revenue Service contended that a portion of the compensation paid was unreasonable and should be treated as a dividend distribution. 80-2 U.S.T.C. ¶9576 (1969).

F.   ***Fort Transfer Co. v. United States:*** The taxpayer paid its principal shareholder and key employee compensation determined by reference to the year-end profits of the employer-corporation. The Internal Revenue Service contended that a portion of the compensation paid was unreasonable and should be treated as a dividend distribution. 80-2 U.S.T.C. ¶9576 (1983).

G.   ***Mary Hartman v. United States:***  Mrs. Hartmann made gifts of shares of a close-held corporation to her son and grandchildren. After the gifts, no shareholder owned a majority of the shares of the corporation The Internal Revenue Service contended that the shares owned by the individual owning the greatest number of shares – though not a majority of the shares – should, by virtue of such "persuasive position" be valued as if such shares represented a majority position. No. 97-1335 (D. Ill. 1997).

416 Main Street, Suite 400
Peoria, Illinois 61602-3141
P 309.680.8000 F 309.680.8001 C 309.680.8082
ed@sutkowskiandrhoads.com

**SUTKOWSKI&RHOADS**LTD

H.   ***Hillyer Excavating Service v. Commissioner:***   The taxpayer
contended that the subject transaction qualified for "like-kind"
treatment given the use of a qualified intermediary.  Nos. 22118-
94, 22119-94, 22120-94, and 22121-94 (U.S.T.C. 1994).

I.   ***Jerome Mirza & Associates, Ltd. v. United States:***  The taxpayer, a
professional corporation established by a well-regarded personal
injury lawyer, established a defined benefit pension plan.   The
consulting actuary assumed a 5% pre-retirement rate of return,
used the unit credit actuarial cost method and assumed that the
subject participant would retire at age 55.  The Internal Revenue
Service challenged the validity of the unit credit actuarial cost
method and the actuarial assumptions, and in particular, the 5%
interest rate in light of the fact that the plan trustee had "locked
in" fixed income rates of return in excess of the actuarially
assumed 5% rate.   The case was the first of more than 1,500
defined benefit pension plans subjected to the Small Plan Audit
Program, ultimately resolved in favor of the taxpayers and against
the Internal Revenue Service.  882 F.2d 229 (7th Cir. 1989).

J.   ***Lloyd Schumacher Chevrolet-Buick, Inc. v. United States:***   The
taxpayer paid its principal shareholder and key employee
compensation determined by reference to the year-end profits of
the  employer-corporation.    The  Internal  Revenue  Service
contended  that  a  portion  of  the  compensation  paid  was
unreasonable and should be treated as a dividend distribution.  80-
2 U.S.T.C. ¶9576 (1983).

K.   ***Medical Radiological Group, P.C. v. Commissioner:***  The taxpayer
established multiple defined benefit pension plans, one for each of
its shareholders, with varying normal retirement date provisions.
The consulting actuary assumed a 5% pre-retirement rate of
return, used the unit credit actuarial cost method and assumed
that the subject participant would retire at age 55.  The Internal
Revenue Service challenged the actuarial assumptions.  No. 20926-
92 (U.S.T.C. 1992).

L.   ***Theodore A. Mueller v. Commissioner:***  The taxpayer successfully
concluded an Age Discrimination case and bargained for and

416 Main Street, Suite 400
Peoria, Illinois 61602-3141
P 309.680.8000 F 309.680.8001 C 309.680.8082
ed@sutkowskiandrhoads.com

**SUTKOWSKI&RHOADS**LTD

received a single premium deferred variable annuity, the ownership of which remains in the defendant.  The Internal Revenue Service contended that the taxpayer "constructively received" the then current fair market value of the single premium annuity.  No. 11249-96 (U.S.T.C. 1996).

M. ***People of the State of Illinois v. John G. O'Neill:*** Mr. O'Neill contended that the then current Illinois Personal Property Tax was invalid in that the Peoria County Board, which levied such tax, was invalidly constituted by reason of the failure of the underlying voting process to reflect the "one-man, one-vote" constitutional mandate.  210 N.E.2d 526 (Ill. 1965).

N. ***Estate of Merle W. Sauder v. Commissioner:*** The decedent died owning multiple classes of voting and non-voting preferred; each class carried non-cumulative dividends.  The Internal Revenue Service contended that the decedent's failure to pay dividends constituted an indirect gift to the holders of the common.  No. 3153-91 (U.S.T.C. 1991).

O. ***Donald B. St. John v. United States:*** The taxpayer sold interests in a general partnership formed to construct a nursing home and received a subordinated profits interest in the partnership.  The Internal Revenue Service contended that the taxpayer must report the profits interest as ordinary income in the amount of the fair market value of such interest as of the date of the formation of the partnership rather then when the restrictions on the taxpayer's right to receive profits lapsed.  No. 82-1134 (D. Ill. 1983).

P. ***United States v. Alvin Hemme:*** Prior to 1977, a taxpayer was allowed a lifetime exemption of $30,000 to be deducted from amounts otherwise taxable, which exemption could be claimed anytime during the taxpayer's lifetime.  The estate tax allowed a specific exemption of $60,000. The 1976 Tax Reform Act created a unified credit which could be offset directly against the estate or gift tax; concurrently, the $30,000 and $60,000 exemptions were eliminated.  The Act also contained a transitional rule which provided that the unified credit "shall be reduced by an amount equal to 20% of the aggregate amount allowed as a specific

416 Main Street, Suite 400
Peoria, Illinois 61602-3141
P 309.680.8000 F 309.680.8001 C 309.680.8082
ed@sutkowskiandrhoads.com

**SUTKOWSKI&RHOADS**LTD

exemption, prior to its appeal." In 1976, the taxpayer made gifts, filed a gift tax return, claimed no tax to be due and the taxpayer's $30,000 lifetime exemption. The taxpayer died more than two years later, the gifts were required to be included as having been made "in contemplation of death" and the estate of the taxpayer then claimed the unified credit of $34,000 under the New Act. The Internal Revenue Service contended that the credit must be reduced by 20% of the $30,000 lifetime exemption notwithstanding the fact that the gifts which absorbed such exemption were included in the taxpayer-decedent's taxable estate. 476 United States Supreme Court 558 (1986).

Q. ***Yeomans Distributing Co. v. United States:*** The taxpayer established a non-qualified deferred compensation plan for the benefit of its  controlling shareholder, the father of one of its minority shareholders, and thereafter, for the benefit of the father's surviving spouse. Nearly concurrently, the father made gifts of shares of the taxpayer to the minority shareholders. After the death of the controlling shareholder, the Internal Revenue Service contended that the benefit payments made to the surviving spouse of the controlling shareholder were non-deductible dividend distributions. 607 F. Supp. 42 (D. Ill. 1985).

## XIII. ERISA Litigation

A. ***Carle Foundation Hospital v. American United Life Ins. Co.:*** At termination, AUL imposed "surrender charge" of nearly 6% of the reported contract value under AUL contract sponsored by the Illinois Hospital Association. Pursued ERISA fiduciary action to recover "surrender charge," understated "investment liquidation adjustment" and discretionary interest margin retained by AUL at contract termination. United States District Court, Central District of Illinois, Urbana Division, Case No. 93-2177.

B. ***Children's Home Association of Illinois v. Mutual of America Life Ins. Co.:*** Mutual of America maintained some funds in interest-bearing general account, when it had the authority to invest plan assets in any mutual fund. Pursued ERISA fiduciary action to recover discretionary interest margin and profits retained by AUL.

11/10/2009

15

**SUTKOWSKI&RHOADS**LTD

United States District Court, Central District of Illinois, Peoria Division, Case No. 99-1206.

C.   ***Coleman Clinic, Ltd. v. Massachusetts Mutual Life Ins. Co.:*** Coleman adopted Mass Mutual's prototype plan designed to invest in cash-value insurance policies.   Mass Mutual failed to act to terminate plan before an additional year of benefits accrued. Pursued ERISA fiduciary claims to recover cost of the additional benefits accrued and the loss upon surrender of the cash-value insurance policies.  698 F.Supp. 740 (C.D. Ill. 1988).

D.   ***Farm King Supply, Inc. Integrated Profit Sharing Plan and Trust v. Edward D. Jones & Co.:***  Brokerage firm made presentations to plan trustees recapping performance of investments, advising which investments to hold and which to sell, and offering recommended investments.   Plan lost 30% of funds invested in securities recommended by brokerage firm. Pursued ERISA fiduciary action against brokerage firm to recover losses.   884 F.2d 288 (7th Cir. 1989).

E.   ***Jefferson Trust and Savings Bank of Peoria v. Simmons:*** Defendants, who controlled Keystone and its pension plans, were seeking to purchase control of Amalgamated.   Defendants sold millions of dollars of stocks owned by Keystone pension funds and used the proceeds to purchase Amalgamated shares.   Pursued ERISA fiduciary action to protect pension fund.   Secretary of Labor filed companion suit.  United States District Court, Central District of Illinois, Peoria Division, Case No. 83-1101.

F.   ***Jenkins v. Yager & Mid America Direct, Inc.:***  Mid America sponsored an individual account plan that permitted participants to allocate their assets in their account among a limited selection of investment funds.   Pursuing claims that defendants did not take adequate action to maintain, review and change the investment of plan assets.  United States District Court, Southern District of Illinois, Benton Division, Case No. 03-4007.

G.   ***Keach v. U.S. Trust Co., N.A. et al.:***  In December 1995, U.S. Trust caused the Foster & Gallagher, Inc. ESOP to purchase about 26%

416 Main Street, Suite 400
Peoria, Illinois 61602-3141
P 309.680.8000 F 309.680.8001 C 309.680.8082
ed@sutkowskiandrhoads.com

**SUTKOWSKI&RHOADS**LTD

of the shares of Foster & Gallagher for about $70 million. In 1998, the reported net value of all ESOP assets declined by more than 90%, from $82 million to just over $7 million. Pursuing ERISA fiduciary and party in interest claims. United States District Court, Central District of Illinois, Peoria Division, Case No. 01-1168.

H.   ***Laidlaw Corporation v. New England Mutual Life Ins. Co.:*** When Laidlaw terminated a group annuity contract, New England Mutual imposed a 5% liquidation charge, a 13.5% "negative surplus charge," and a 4% "anti-selection charge". Pursued ERISA fiduciary and securities claims. United States District Court, Central District of Illinois, Peoria Division, Case No. 79-1158.

I.   ***Mental Health Services for Clark County, Inc., et al. v. American United Life Ins. Co.:*** Pursuing ERISA fiduciary action to recover losses resulting from AUL's failure to disclose material information about contract conversion in 2000 for AUL group annuity contracts. United States District Court, Southern District of Ohio, Western Divisions, Case No. C-3-03-090.

J.   ***Palos Community Hospital v. American United Life Ins. Co.:*** Pursuing ERISA fiduciary action to recover losses resulting from AUL's failure to disclose material information about contract conversion in 1990 for AUL group annuity contracts sponsored by the Illinois Hospital Association. United States District Court, Northern District of Illinois, Eastern Divisions, Case No. 03 C 0233.

K.   ***Silver Cross Hospital v. American United Life Ins. Co.:*** At AUL's recommendation, Silver Cross switched to new contracts for AUL group annuity contracts sponsored by the Illinois Hospital Association. AUL did not disclose that by changing from the IHA contract, Silver Cross would be giving up a market value adjustment in favor of the plan. Pursued ERISA fiduciary action to recover plan losses and AUL profits. 255 F.3d 374 (7th Cir. 2001).

416 Main Street, Suite 400
Peoria, Illinois 61602-3141
P 309.680.8000 F 309.680.8001 C 309.680.8082
ed@sutkowskiandrhoads.com

**SUTKOWSKI&RHOADS**LTD

L.   ***Peoria Union Stock Yards Co. Retirement Plan v. Penn Mutual Life Ins. Co.:***   Plan trustees invested plan funds in a deposit administration contract issued by Penn Mutual.   The annuity to fund a key executive's retirement could be purchased for 25% less than the cost quoted by Penn Mutual.   Pursued ERISA fiduciary and their claims against Penn Mutual.   When ruling in 1995 that insurance companies can be ERISA fiduciaries, the Supreme Court "follow[ed] the Seventh Circuit's lead" in Peoria Union.   698 F.2d 320 (7th Cir. 1983).

M.   ***Riley v. Massachusetts Mutual Life Ins. Co.:***   At termination of group annuity contract, Mass Mutual imposed a penalty of 23.25%, and distributed only 76.75% of the reported contract value.   Pursued ERISA fiduciary claim against Mass Mutual. United States District Court, Central District of Illinois, Peoria Division, Case No. 84-1255.

N.   ***St. Bernard Hospital v. American United Life Ins. Co.:***   Pursued ERISA fiduciary action to recover losses resulting from AUL's failure to disclose material information about contract conversion in 1994 for AUL group annuity contracts sponsored by the Illinois Hospital Association.   United States District Court, Northern District of Illinois, Case No. 00 C 6849.

O.   ***Strunk Brothers Company v. Transamerica Occidental Life Ins. Co.:***   When Strunk decided not to make further deposits under the group pension contract, Transamerica reduced the interest rate credited and claimed an investment loss of nearly 32% of the contract balance.   Pursued ERISA, securities and common law claims to recover the loss to the plan. United States District Court, Central District of Illinois, Peoria Division, Case No. 84-13.

11/10/2009

18

416 Main Street, Suite 400
Peoria, Illinois 61602-3141
P 309.680.8000 F 309.680.8001 C 309.680.8082
ed@sutkowskiandrhoads.com

**SUTKOWSKI&RHOADS**LTD

## XIV. Transactions

A. **Capital Partners, Ltd.:**  Business combination of Capital Partners, Ltd. And related business enterprises with John Deere & Co.

B. **Care Information Systems, Inc. Merger:**  Merger of Care Information Systems, Inc. located in Springfield, Illinois, into VantageMed Corporation, located in Los Angeles, California.

C. **Creative Products, Inc. of Rossville Share Sale:**  The sale of all of its shares to International Home Foods, Inc., Creative Products, Inc. of Rossville, an S corporation;  Creative was engaged in the development and production of private label cooking sprays, hair sprays and the like for distribution by internationally known customers, e.g., Kroger, Weight Watchers, and Topco.

D. **DMI, Inc.:**  Purchase of 100% of the shares of DMI, Inc., located in Goodfield, Illinois by its ESOP.

E. **Deere & Co., Valmont Industries, Inc., and Capital Partners, LLC Joint Venture:**  Joint Venture among Deere & Co., Valmont Industries, Inc., of Texas, and Capital Partners, LLC of Atlanta, Georgia.

F. **Farmhand, Inc.:**  Business combination of Farmhand, Inc. of Minneapolis, Minnesota, and The Tye Company of Lockney, Texas.

G. **InterAg Technologies, Inc.:**  Purchase of shares of Agro L/H (Denmark) by InterAg Technologies, Inc., of Atlanta, Georgia.

H. **Jefferson Trust & Savings Bank of Peoria Share Sale:**  Sale of shares of Jefferson Trust & Savings Bank of Peoria to Bank One.

I. **Laidlaw Corporation:**  Purchase of 100% of the shares of Laidlaw Corporation of Scottsdale, Arizona by its ESOP.

J. **Maui Jim Enterprises Merger:**  Merger of RLI Professional Technologies, Inc., a wholly owned subsidiary of RLI Corp., into Maui Jim Enterprises of Hawaii.

416 Main Street, Suite 400
Peoria, Illinois 61602-3141
P 309.680.8000 F 309.680.8001 C 309.680.8082
ed@sutkowskiandrhoads.com

**SUTKOWSKI&RHOADS**LTD

K.  **Medical Research Limited Partnership:**  Organization of and subsequent transfer of assets to Health Advance Institute, Inc. of Chicago, Illinois and Houston, Texas.

L.  **Multi-Ad Services, Inc.:** Purchase of 100% of the shares of Multi-Ad Services, Inc. by its ESOP.

M.  **Phoenix International Corporation:**  Purchase by Phoenix International Corporation, of North Carolina, of shares of Illini Technologies, Inc., of Springfield, Illinois.

N.  **Sunstar Bank Share Merger:**  Merger and sale of Sunstar Bank shares by Hometown Community Bancorp and its related ESOP.

G:\EFS\resume\resume-2009-06.doc

416 Main Street, Suite 400
Peoria, Illinois 61602-3141
P 309.680.8000 F 309.680.8001 C 309.680.8082
ed@sutkowskiandrhoads.com