UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

FILED
AUG 12 2010
CLERK OF COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

STEVE MARTIN, et al., )
)
    Plaintiffs, )
)
    v. )   Case No. 07-cv-1009
)
CATERPILLAR, INC. et al., )
)
    Defendants. )

## O P I N I O N and O R D E R

Before the Court is the Joint Motion for Final Approval of Class Action Settlement filed by the parties on August 2, 2010 (Doc. 182), a hearing thereon having taken place on August 12, 2010. Pursuant to the terms of a Class Action Settlement Agreement dated November 5, 2009, as amended (the "Settlement Agreement") and in consideration of the Hearing held, the Motion is GRANTED.

IT IS HEREBY FOUND THAT:

The Court having entered a Preliminary Order on April 21, 2010 (Doc. 173), preliminarily approving the settlement, certifying the Settlement Class as a mandatory non-opt-out class pursuant to Fed. R. Civ. P. 23(b)(1), approving the form of Settlement Notice and directing the manner of delivery and publication thereof, and scheduling a hearing to consider the fairness of the settlement, pursuant to Fed. R. Civ. P. 23(e);

The Court, having received declarations attesting to the delivery and publication of the Settlement Notice in accordance with the Preliminary Order; and a Fairness Hearing having been held before this Court on August 12, 2010:

1. to determine finally whether this action satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23(b)(1);

2. to consider the fairness of the settlement, pursuant to Fed. R. Civ. P. 23, and to determine whether to enter this Final Order approving the settlement;

3. to determine whether the proposed Plan of Allocation of the settlement amount is fair and reasonable and should be approved; and

4. to rule upon each Objection to the settlement and such other matters as the Court might deem appropriate.

The Court has jurisdiction over the subject matter of the Action, the Settlement Class, and Defendants pursuant to 29 U.S.C. 1132(e) and 28 U.S.C. § 1331. In accordance with the Court's Preliminary Order, Settlement Notice was timely given to all members of the Settlement Class who could be identified with reasonable effort by May 21, 2010, was published on May 23 and 26, 2010 in the Peoria Journal Star, and was published on the Website maintained by Class Counsel from May 28, 2010 through the date of this Final Order, and pursuant to the Class Action Fairness Act was provided to the Attorneys General for each of the states in which a Settlement Class Member resides. The form and methods of notifying the Settlement Class of the terms and conditions of the proposed Settlement Agreement met the requirements of Fed. R. Civ. P. 23, any other applicable law, and due process, and constituted the best notice practicable under the circumstances, and due and sufficient notice to all persons and entities entitled thereto.

Federal Rule of Civil Procedure 23(e) provides that the class action lawsuit may be settled only with court approval. In seeking such approval, parties must provide notice to all class members who would be bound by the settlement and must file a "statement identifying any agreement made in connection with the proposal." Fed. R. Civ. Pro. 23(e)(1), (3). In considering a proposed settlement agreement, the Court must conduct a hearing and make a finding that the settlement is "fair, reasonable, and adequate." Fed. R. Civ. Pro. 23(e)(2). Adequate notice was given to class members and a hearing was conducted as noted above.

In determining the fairness of a proposed settlement, the Court considers:

1) the strength of the plaintiff's case on the merits measured against the terms of the settlement;

2) the complexity, length, and expense of continued litigation;

3) the amount of opposition to the settlement among affected parties;

4) the presence of collusion in gaining a settlement;

5) the stage of the proceedings; and

6) the amount of discovery completed.

*General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1082 (7th Cir. 1997). Generally, the first factor, the strength of Plaintiffs' case measured against the terms of the settlement, is the most important factor. In analyzing this factor the Court should "begin by quantifying the net expected values of continued litigation to the class" by "estimate[ing] the range of possible outcomes and ascrib[ing] a probability to each point on the range." *Synfuel Technologies, Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646, 653 (7th Cir. 2006) (citations and editing marks omitted). In evaluating the fairness, reasonableness, and adequacy of a

proposed settlement, the Court must "refrain from resolving the merits of the controversy or making a precise determination of the parties' respective legal rights . . . ." *Isby v. Bayh*, 75 F.3d 1191, 1196-1197 (7th Cir. 1996) (internal editing marks and citations omitted). The proposed agreement is viewed in a light most favorable to settlement and the entirety of the proposed agreement is considered in evaluating its fairness. *Id.* at 1199. Moreover, "[f]ederal courts look with great favor upon the voluntary resolution of litigation through settlement. This rule has particular force regarding class action lawsuits." Air *Line Stewards and Stewardesses Ass'n, Local 550 v. Tans World Airlines, Inc.*, 630 F.2d 1164, 1166-1167 (7th Cir. 1980) (citations omitted); *Isby*, 75 F.3d at 1196.

*1. The strength of the plaintiff's case on the merits measured against the terms of the settlement.*

This matter involves claims of breach of fiduciary duties and prohibited transactions in violation of ERISA, 29 U.S.C. § 1104(a). Plaintiffs allege that Defendants paid excessive and unreasonable fees to plan service providers, used plan assets to establish a mutual fund company that was not created to benefit the plan, imprudently included expensive retail mutual funds as a plan investment option, imprudently included actively-managed retail mutual funds, paid unnecessary fees for certain fund management, and engaged in misrepresentation and concealment regarding administrative costs. (Third Amended Complaint, Doc. 189). The primary thrust of Plaintiffs' complaints is that Defendants could (and should) offer cheaper investment options, thus preventing plan participants from paying excessive and unreasonably high fees. Defendants deny the allegations in the complaint.

Plaintiffs have a hard row to hoe. This litigation entails complicated ERISA claims that are not only dependent on the statute but also on various regulations that implement ERISA. These claims also are relatively unique with limited case authority in support. *See Hecker v. Deere*, 556 F.3d 575 (7th Cir. 2009). Settlement of this matter, then, represents a significant boon to class members in light of the complexity of this litigation, the potential for protracted litigation, and the strength of the available defenses recognized in *Hecker*.

The settlement agreement provides class members certain monetary and non-monetary relief. Monetary relief is apportioned among plan participants in accordance with the number of years of plan participation. Given the uncertainty of the markets, the non-monetary relief is of particular significance. The parties agree that Defendant will not use retail mutual funds as core investment options for a period of time, will provide additional fee disclosures, and that it will be subject to a period of oversight by an independent monitor and fiduciary. In light of the allegations in the complaint and the difficulty and expense associated with a trial on the merits, the settlement terms represent a fair and economical resolution to this litigation.

*2. The complexity, length, and expense of continued litigation.*

This matter will involve significant discovery of complicated financial documents, would require significant expert testimony, and would tax judicial resources. The Court would further add that the subject matter of this litigation would be difficult for a jury, if required, to comprehend, thus necessitating more expert testimony than would otherwise be necessary.

5

*3. The amount of opposition to the settlement among affected parties.*

It is significant to note that, notwithstanding the thousands of participants who received notification of this lawsuit and settlement, only two persons have objected to the terms. Of those two people, only one provides commentary on the substance of the settlement. As such, the Court finds that there is not significant objection among the affected parties; and all objections related to the settlement are overruled and dismissed with prejudice.

*4. The presence of collusion in gaining a settlement; the stage of the proceedings; and the amount of discovery completed.*

There is no evidence of collusion among the parties. Indeed, this Court has observed debate between the parties at the various hearings that have been held. This Court also is mindful that an independent monitor and fiduciary has expressed the opinion that the settlement in this matter is fair, reasonable, and adequate. This matter is at the preliminary stages and the parties have conducted only limited discovery.

**IT IS HEREBY ORDERED:**

1. The motion for final approval of the settlement is hereby GRANTED, and the settlement is APPROVED as fair, reasonable and adequate.

2. The Third Amended Complaint, asserted on behalf of the Settlement Class against the Defendants, is hereby DISMISSED WITH PREJUDICE. The Clerk is directed to enter judgment accordingly.

3. Notwithstanding any provision of the Settlement Agreement to the contrary, distributions shall commence within 15 days, or as soon as practicable, after the entry of this Order and the Order on the Motion for

Fees, Expenses, and Award (Doc. 176) are Final within the meaning of Section 2.22 of the Settlement Agreement.

Entered this 12th day of August, 2010

s/ Joe B. McDade

---
JOE BILLY MCDADE
United States Senior District Judge